# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE           )
                            )
                            )     I.D. No. 1608013559
v.                          )
                            )
AUTHUR TORRES,              )
                            )
        Defendant.          )

This 30th day of July, 2026, the Court enters the following Order:

## ORDER LIFTING STAY

1. The defendant filed a motion under Rule 35(a) for relief from an allegedly illegal sentence pursuant to the ruling of the United States Supreme Court in *Erlinger v United States* (602 U.S 821 (2024)).  This was one of the many *Erlinger* claims from inmates at the Department of Corrections filed throughout the Superior Court.  In order to allow for an orderly consideration of the *Erlinger* case, the Court stayed further action until the decisional law began to develop as to the judicial response to *Erlinger*.  While further litigation may well yield refinements in the Court's treatment of *Erlinger* claims, many are ready for resolution, including this case, and the Court therefore enters this order lifting the stay in this case.

**ORDER ON THE MERITS - DENIED**

1. On March 9, 2017, the defendant pled guilty to Possession of a Deadly Weapon by a Person Prohibited and Possession of Heroin Tier 1 Quantity. On June 2, 2017, this Court sentenced the defendant as a habitual offender, under 11 Del. C. §4214 and sentenced defendant to 15 years Level V followed by probation.

2. At the March 9, 2017, Plea Colloquy the defendant admitted to the Court that he knew he was subject to the habitual offender statute and that he could be sentenced up to life in prison.[1] The defendant's plea paperwork also clearly indicated that he was subject to the habitual offender statute as a result of the following convictions: Possession with Intent to Distribute (1997); Possession within 300 feet of a Park (2001); and Possession with Intent to Distribute (2012).[2]

3. In *Erlinger* the United States Supreme Court stated that virtually any fact that increases the prescribed range of penalties to which a criminal defendant is exposed must be resolved by a unanimous jury beyond a reasonable doubt or freely admitted during in a guilty plea. *Johnson v. State*, 2025 WL 397431 (Del. 2025). In his plea proceeding the defendant admitted that he

---

[1] D.I. 17, See Transcript of Plea Colloquy, p. 3-6, 9-10.
[2] D.I. 17, See Plea Agreement and Truth in Sentencing Guilty Plea Form.

was subject to the terms of the habitual offender statute. As such, defendant's case falls in line with the class of cases to which *Erlinger* does not extend relief.

4. For the stated reasons, defendant's Motion for Correction of Illegal Sentence must be and hereby is denied, as is his request for the appointment of counsel.

**IT IS SO ORDERED**.

*/s/ Francis J. Jones*
Francis J. Jones, Judge

cc:    Original to Prothonotary
Arthur Torres (SBI # 00235282)
Andrew Vella, Deputy Attorney General